CIVIL ACTION NO.____________________

| | | | |
|---|---|---|---|
| Anthony W. Norman Jr. | § | IN THE | |
| Plaintiff, | § | | |
| | § | | |
| v. | § | SOUTHERN DISTRICT OF TEXAS | |
| | § | | |
| Sherriff Tommy Thomas | § | COURT | United States District Court Southern District of Texas FILED |
| Sherriff Adrian Garcia | § | | |
| Sgt. Henry Palacious | § | HOUSTON DIVISION | NOV 2 4 2009 |
| Sgt. Coleman | § | | |
| Harris County Department of Family Services | § | | Clerk of Court |
| Harris County Medical Examiner's Office | § | | |
| Defendant(s) | § | | |
| | § | | |

## ORIGINAL PETTITION REQUEST

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES, Anthony W. Norman Jr.** Plaintiff herein, filing this Petition to seek relief from, and compensatory damages for Negligence, False Arrest, False Imprisonment, Retaliation, Abuse of Process, and Official Oppression, Slander, and Libel with Special Damages perpetrated on the Plaintiff by one, or more of the Defendants.

## 1. DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level 2 of the Texas Rules of Civil Procedure.

## 2. PARTIES AND SERVICE

a. **Plaintiff, Anthony W. Norman Jr. (hereinafter "Plaintiff") resides in Harris County at 8707 Heron View St. Houston ,TX 77064 Harris County, Texas, USA**

b. **Defendant(s)**

   i. **Former Harris County Sherriff Tommy Thomas** is a former Official of Harris County and can be served at his attorney of record Harris County Civil Attorney Vince Ryan 1301 Prairie Suite 880 Houston, TX 77002

   ii. **Harris County Sherriff Adrian Garcia** is an Official of Harris County and can be served be served at his attorney of record Harris County Civil Attorney Vince Ryan 1301 Prairie Suite 880 Houston, TX 77002

iii. **Harris County Sgt. Henry Palacious** is an Official of Harris County and can be served at the following address: 1200 Baker St. Houston, TX 77002

iv. **Harris County Sgt. Coleman** is an Official of Harris County and can be served at the following address: 1200 Baker St. Houston, TX 77002

v. **Harris County Department of Family Services** can be served at its' be served at its' attorney of record Harris County Civil Attorney Vince Ryan 1301 Prairie Suite 880 Houston, TX 77002

vi. **Chief Medical Examiner Luis A. Sanchez M.D.** is an Official of Harris County and can be served at the following address: 1885 Old Spanish Trail, Houston Texas, 77054

**3. JURISDICTION AND VENUE**

a. The subject matter in controversy is within the jurisdictional limits of this court.
b. This court has jurisdiction over the parties as Defendants are citizens of the United States, and Officials, or government entities of Harris County Texas, USA.
c. The amount in dispute exceeds $75,000 USD.

**4. FACTS**

1. **Civil Rights Violation (Edwards violation)** Edwards v. Arizona, 451 U.S. 477 (1981).

**Harris County Sherriff's Office**

a) ***Brewer v. Williams*, 430 U.S. 387, the rights granted by 6th and 14th Amendments "mean at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him, whether by formal charge, preliminary hearing, indictment, information, or arraignment." 430 U.S. at 398. *Brewer* goes on to conclude that once adversary proceedings have begun against a defendant; he has a right to legal representation when the government interrogates him. 430 U.S. at 401, citing *Massiah v. United States*, 377 U.S. 201.**

b) **Escobedo v Illinois 378 U.S. 478 84 S. Ct. 1758 (1963) Danny ESCOBEDO, Petitioner v State of ILLINOIS (Custodial Interrogations; Law Enforcement Officers or Agencies; Right to Counsel)**

i) Plaintiff was denied ability to communicate with counsel; HCSO Officials prohibited communication with counsel, and continued to question without the aid of counsel.

(1) Plaintiff was on the phone with attorney shortly after 2nd Officer arrived around 5:15 am 12/1/2008. Plaintiff was informing brother/attorney what Plaintiff had found, and to contact Plaintiff's mother to look after the children while Plaintiff dealt with this situation.

(a) When questioned whom Plaintiff was communicating with Plaintiff

spoke clearly, and loudly enough for everyone to hear that he was speaking to his attorney who is his brother as the officer whom had asked was 20 feet from the plaintiff at the kitchen door, and Plaintiff was at the end of the garage.

(i) Officer yells to take his cell phone, bag his hands, and put him in a car.
  1. Plaintiff's use of cell phone was prohibited
  2. Plaintiff's right to counsel was denied
  3. Plaintiff wash handcuffed immediately
  4. Plaintiff's cell phone was confiscated
  5. Plaintiff's hands were placed in brown paper bags, and bags were tied on.
     a. Claim of necessity to preserve evidence possibly located on hands.
  6. Plaintiff complained that the cuffs were too tight and injuring Plaintiff's hands. The officer checked, and said they were fine – he placed Plaintiff in the car.

(ii) Senior officer arrives – Officer removes Plaintiff from patrol car, and ask Plaintiff to sign a waiver to allow HARRIS COUNTY SHERRIFF'S OFFICE to enter the house, and "investigate", "... or they will just have a search warrant issued which would require Plaintiff to remain on scene with them for 4 hours or so" presumably in the back of the patrol car. After Plaintiff agreed Plaintiff was subsequently un-cuffed, and re-cuffed after signing the waiver, and placed back in the car awaiting the CSI Officer.

(iii) CSI Officer arrives in approx. 1.5 hours. Plaintiff was in the car for the duration of approx. 2 hours hyperventilating, in an uncomfortable position with his hands behind his back.

(iv) After CSI official arrives. Plaintiff's is taken out of the car un-cuffed, Plaintiff hands examined, swabbed and Plaintiff is placed back into patrol car without handcuffs

**2) Abuse of Process & False Arrest & Imprisonment**
**Harris County Sherriff's Office**

*a) Willful detention Randall's Food Markets., Inc v. Johnson, 891 S.W.2d 640,644 (Texas 1995)*
- ✓ *Governmental official waiver of liability should be waived due to bad faith acts committed, outside of the scope of authority for a commissioned Texas Peace Officer.*
- ✓ *Sherriff is liable for the official acts of their deputies. Tex. Local Gov. Code §85.003 (Moody vs Kimball, 173 S.W.2d 270, 275 [Tex. App. – Texarkana 1943, no writ)*

3) Officer Henry Palacious claimed no arrest 12/1/2008 but prohibited movement

**a)** ***Defendant wrongfully interfered with freedom; a detention may be accomplished***

***by violence, threats, or any other means that restrain a person. (Plaintiff was detained Montgomery Ward & Co. vs Garza, 660 S.W.2d 619, 621 (Tex. App. – Corpus Christi 1983, no writ)***

4) Order, and Insistence on accompaniment

a) Officer Palacious opened the back door of the patrol car and began speaking to Plaintiff inside of the patrol car with Officer Palacious outside.
b) Plaintiff informed Officer Palacious that he had been out of town all weekend since Friday, and had just arrived home this am at 5 to change and go to work. Plaintiff stated that he had found his wife when he had entered the house.
c) Plaintiff informed Officer Palacious that it was cold, and Plaintiff wanted Plaintiff's jacket as it was cold.
d) Officer Palacious asked Plaintiff where Plaintiff's jacket was -- Plaintiff told Officer Palacious the jacket was in the trunk of his car.
e) Officer Palacious closed the door of the patrol car leaving the Plaintiff inside. Officer Palacious retrieved Plaintiff's jacket.
f) Officer Palacious then allowed the Plaintiff to get out of the patrol car.
g) Officer Palacious then told Plaintiff to go over to his car because "we need to go to his office to talk".
h) Plaintiff verbally refused, and clearly informed Officer Palacious he did not want to accompany him, and that he could speak on the scene.
i) Officer Palacious responded that plaintiff had to go with him.
j) Officer Palacious responded that he had already retrieved plaintiff's jacket, that he had already done Plaintiff a favor, and would not contaminate the crime scene by going into the trunk again.
k) Plaintiff told Officer Palacious that he needed his shoes that the area where they were going was carpeted, and that shoes would not be required.
    (1) Officer Palacious subsequently drove the Plaintiff to the Detective Office on Lockwood, and parked in a gravel parking lot adjacent to the building.
l) Officer Palacious then guided plaintiff over to his vehicle with his hand on plaintiff's back.
m) After Office Palacious opened the door to place Plaintiff inside Officer Palacious car Officer Palacious told Plaintiff that he was not under arrest.
n) Officer Palacious had no right of arrest, nor probably cause, nor permission to make an arrest from the Harris County District Attorney's Office. He was acting of his own free will.

5) Prohibited self localization

***a) A detention by false arrest occurs when an arrest is made without justification or authority of law. Villegas v Griffin Indus., 975 S.W.2d 745, 754 (Tex.App – Corpus Christi 1998)***

(1) Plaintiff was transported to county facility against will
    (a) No shoes
    (b) No identification
    (c) No money

(d) No cell phone
   (i) External communication denied
   (ii) Sgt. Palacious when asked for the return of Plaintiff's Cell phone would not return it.

(2) Officer Palacious took personal property not needed in investigation
   (a) Cell phone
      (i) Detective Palacios retrieved cell phone from Asian Officer of whom Plaintiff had been placed in his patrol car.
      (ii) Detective Palacious then placed the cell phone on his person.
      (iii) When Plaintiff again asked for its' return: Plaintiff was told:
         a. "I will give it to you when we get to the station" which was a re-occurring theme throughout the interview process. Plaintiff asked for Plaintiff's phone more than 10 times.

(3) Plaintiff repeated request for return of cell phone
   (a) When Plaintiff was questioned why Plaintiff wanted my cell phone Plaintiff provided specific communication that Plaintiff's brother his attorney, and Plaintiff needed to communicate with him to let him know where Plaintiff was located, and check to the welfare and status of Plaintiff's children two of which were found in the home with their mother.
   (b) Officer Palacious again denied the request in a manner to defer Plaintiff's acquisition of his property.
   (c) Officer Palacious clearly understood the request to communicate with the Plaintiff's Attorney as he repeated "you want your cell phone to communicate with your brother who is your attorney, but still he denied access to the cell phone, or other means of communicating with the Plaintiff's Attorney.

***i) Plaintiff believes no waiver of official immunity exists. Plaintiff believes the HSCO Sherriff's Office wantonly failed to follow normal procedure, and continued in a maverick disregard for the Plaintiff's Civil Rights.***

***ii) Plaintiff believes a clear pattern of trying to circumvent the legal system and Plaintiff's Rights as an Individual is prevalent in the actions perpetrated by officials of HARRIS COUNTY SHERRIFF'S OFFICE.***

(d) ***Plaintiff believes*** Harris County Sherriff Officials proceeded with their activities, despite repeated request for counsel.
(e) ***Plaintiff believes*** Questioning should have stopped ~5:15 am when first group of officers arrived and were informed counsel was present.
(f) Intentional separation of apparatus to communicate with counsel
(g) ***Plaintiff believes*** Acts were initiated to delay, deny external communication with counsel, and prolong illegal detention.
(h) ***Plaintiff believes*** Plaintiff was threatened with physical violence to prolong stay in apparent attempt to get something to hold the plaintiff officially on.

***b) Detention was willful***

(1) Plaintiff demands to leave, rises to his feet from a sitting position and is bullied by Harris County Sherriff Officials. Sgt. Palacious' Partner issues a statement that Plaintiff will have to '... fight his way out of the interrogation room ...'. "The only way you are leaving is through us." [Both officers rising to their feet blocking the Plaintiff's departure]. Subsequently the officers proceeded to continue with their interrogation. Plaintiff after realizing what the two Sgt.s are attempting to do i.e. find a reason to arrest the Plaintiff the Plaintiff sits back down. Plaintiff asks for the Colonel, both Officers smile, and claim there is no such person. Plaintiff request the Captain the Officers claim the Captain is not available. The Plaintiff then asks for the Officers Supervisors. The Officers respond that they are both supervisors, and any problem could be relayed to the adjacent officer for resolution, "that they supervise each other". The plaintiff realizing that further communication will not further his aim of leaving quiets, sits back and ignores both Officers in their new attempt to question, and verbally abuse the Plaintiff. After ignoring both Officers the officers tired of speaking and not receiving a response exit the room.

(2) Plaintiff escapes from interrogation room to common area, and demands in a loud voice "I need my cell phone that you have been promising all day. I told you that I needed it to contact my brother who is my attorney" Officer Palacious standing in front of the Plaintiff promptly goes to his cubicle to retrieve the Plaintiff's cell phone. Officer Palacious states that he does not know why Plaintiff wants the cell phone because the battery is dead.

(a) Officer Palacious then demands that the Plaintiff exit the building because he is "... now trespassing, and will be arrested unless he leaves now...".

(b) Plaintiff asks to be returned to his home as promised.

(c) Sgt. Palacious tells the Plaintiff that he had already tried to help me, but since Plaintiff would not cooperate he would not cooperate.

(d) Plaintiff asked to use a phone since his cell phone was dead, and had no facility to return to his home. Officer Palacious denied the request, and placed his hand on the shoulder of Plaintiff, and walked him out of the cubicle area, and down the stairs in the accompaniment of yet another Officer.

(e) Plaintiff entered a public lobby area. Plaintiff again inquired if Plaintiff could use a phone. Plaintiff again was threatened with the charge of criminal trespass if he did not exit the facility, and not return. Plaintiff informed Palacious that this was a public facility, and a public lobby. Palacious told the Plaintiff that he would be arrested if he did not leave, and promptly escorted the plaintiff out the front doo which exist onto Lockwood Dr. Houston, TX

***c) A willful detention is defined as restraint that results from an intention to confine. Wal-Mart Stores, Inc v. Odem, 929 S.W.2.d 513, 519 (Tex.App.-San Antonio 1996)***

***d) Detention was without Plaintiffs Consent Restraint is without consent if it is***

*accomplished by force, intimidation, or deception (Tex. Penal Code . § 20.01(1))*

e) ***Plaintiff believes Arrest without warrant was illegal.***

f) ***Plaintiff believes Transport, and confinement were illegal***

**6) Negligence**

**HARRIS COUNTY SHERRIFF'S OFFICE**

i) ***Plaintiff believes HSCO demonstrated a continuing failure*** to supervise and to monitor employees' actions, and activities even though what turned out to be both Officers' Supervisor had been consulting with both Detectives throughout the day.

(1) Supervisor was not present or available on request
  (a) Verbal exchange by Sgt. Palacious' Partner
    (i) Request for supervisor met with denial
    (ii) Supervisor was not monitoring the situation
  (b) Verbal Exchange in Interview room
    (i) Palacious' Partner, Palacios " you can leave through us"
    (ii) Refusal to allow access to counsel
  (c) ***Plaintiff believes he was*** forcefully required to accompany Sgt. Palacious – against will, and under duress
    (i) Subsequent ejection from county facility claiming trespass violation
  (d) ***Plaintiff believes persons of the HSCO*** filed a DFS c reports concerning the welfare of Plaintiffs children as retaliatory activity

**DFS**

b) ***Sec. 261.3015. FLEXIBLE RESPONSE SYSTEM. (a) In assigning priorities and prescribing investigative procedures based on the severity and immediacy of the alleged harm to a child under Section 261.301(d), the department shall establish a flexible response system to allow the department to make the most effective use of resources by investigating serious cases of abuse and neglect and by screening out less serious cases of abuse and neglect if the department determines, after contacting a professional or other credible source, that the child's safety can be assured without further investigation. The department may administratively close the less serious cases without providing services or making a referral to another entity for assistance.***

***(a-1) For purposes of Subsection (a), a case is considered to be a less serious case of abuse or neglect if the circumstances of the case do not indicate an immediate risk of abuse or neglect that could result in the death of or serious harm to the child who is the subject of the case.***

***(b) The classification under the flexible response system of a case may be changed as warranted by the circumstances.***

***(c) The department may implement the flexible response system by establishing a pilot program in a single department service region. The department shall study the results of the system in the region in determining the method by which to***

***implement the system statewide.***

***Added by Acts 1997, 75th Leg., ch. 1022, Sec. 71, eff. Sept. 1, 1997.***
***Amended by:***
***Acts 2005, 79th Leg., Ch. 268, Sec. 1.19(a), eff. September 1, 2005.***

***Sec. 261.3016. TRAINING OF PERSONNEL RECEIVING REPORTS OF ABUSE AND NEGLECT. The department shall develop, in cooperation with local law enforcement officials and the Commission on State Emergency Communications, a training program for department personnel who receive reports of abuse and neglect. The training program must include information on:***

***(1) the proper methods of screening reports of abuse and neglect; and***

***(2) ways to determine the seriousness of a report, including determining whether a report alleges circumstances that could result in the death of or serious harm to a child or whether the report is less serious in nature.***

***Added by Acts 2005, 79th Leg., Ch. 54, Sec. 1, eff. September 1, 2005.***
***Added by Acts 2005, 79th Leg., Ch. 268, Sec. 1.20, eff. September 1, 2005.***

i) ***Plaintiff believes DFS*** refused to investigate as required by 231.3105 of the Texas Family Code.
ii) ***Plaintiff believes DFS*** refused to validate any portion of the alleged report of child neglect.
iii) Investigator Angela Buckner did not attempt to call or contact a single witness as required by 231.1305 of the Texas Family Code.
iv) ***Plaintiff believes DFS*** used a non-child welfare report to harass, and maliciously prosecute.
**v)** Affidavit by Angela Buckner specifically states the children are well cared for, that there was plenty of food.
vi) ***Plaintiff believes DFS*** Investigator Angela Buckner offered a false statement that Plaintiff had threatened to kill her in a public affidavit to the court (Libel with Special Damages).
vii) ***Plaintiff believes DFS*** Investigator arbitrarily dismissed all eligible witnesses provided as required under section 231.1305 of the Texas Family Code as evident in court testimony on case #200902783J.
viii) ***Plaintiff believes DFS*** case worked Angela Buckner asserts that Doctors, Lawyers, and Police Officers, Nurses, and School Teachers are not Professionals as defined under 261.1305 of the Texas Family Code and as such failed to follow through on an investigation as dictated by of the Texas Family Code 261.1305.
ix) ***Plaintiff believes*** **DFS** failed to have established any standards, or written policy, and or failed to train or enforce simple compliance with the law.
x) **Plaintiff believes DFS** Investigator Angela Buckner continued to try to enforce her personal will on separation of the Plaintiff's children from the Plaintiff by any means necessary.
xi) DFS accepted exactly the same proof as Plaintiff provided after the matter went before the court after visibility of practices, and policies were exposed.

xii) **Plaintiff believes DFS** failed to manage the work product of its' employees, and follow the Law of the State of Texas as established under section 231.3105 of the Texas Family Protection Act

c) **HCME**

i) Negligence

(1) Plaintiff believes the Harris County Medical Examiner failed to follow the law

(a) TEXAS HEALTH AND SAFTEY CODE ANNEX. § 671.012 requires Medical Examiner to provide a report of Autopsy within 30 days after a request had been present subject to completion of laboratory results being completed.

(b) ***Plaintiff believes he*** was required to wait over 4 months for determination of wife's death after HCME had all the information necessary to complete the report.

(2) Plaintiff believes the Harris County Medical Examiner mis-represented the facts

(a) Plaintiff was informed Autopsy labs had not been completed on numerous occasions.

(b) Plaintiff requested Autopsy report on two separate occasions via mail, and was met with inaction, and mis-information.

(3) Refusal to establish date autopsy report would be available as required by TEXAS HEALTH AND SAFTEY CODE ANNEX. § 671.013

(4) Failure to follow State Law regarding the release of a report of Autopsy pursuant to TEXAS HEALTH AND SAFTEY CODE ANNEX. § 671.012

7) **Misconduct**

a) **HARRIS COUNTY SHERRIFF'S OFFICE**

(1) Plaintiff believes Detective Coleman per Ms. Buckner's Affidavit engaged in misconduct.

(2) Plaintiff believes elements of the HSCO attempt to harass via proxy using DFS.

(3) Plaintiff believes the additional false report of child in distress issued as retaliation after unfavorable encounter with Plaintiff, and Medical Examiner by HSCO Officials.

(4) DFS rules lack of evidence / probable cause, and closes investigation.

(5) Plaintiff believes the HCSO has, and continues to fail to investigate the death of Leydis Viche' Hernandez:

(a) Witness have not been interviewed to date

(b) Lowe's has not been contacted for surveillance

(c) Substantive witnesses as to the whereabouts and activities of the Plaintiff have not been contacted; however HSCO Officials claim inability to rule Plaintiff out.

(6) Plaintiff believes elements of the HCSO have provided false report of status to Insurance Company, and others

(a) Slanderous statements to Monumental Life Insurance Company.

(b) False Statements to Monumental Life Insurance Company.

8) **Harassment**

a) **HARRIS COUNTY SHERRIFF'S OFFICE**

(1) Plaintiff believes HCSO has engaged in filing frivolous reports DFS on, or about 12/2/2009 to DFS

(2) Plaintiff believes HSCO has engaged in filing an additional retaliatory false filing on or about 4/19/2009 to DFS

(a) Accusation found to be false by DFS final decision rendered 08/2009.

(3) Plaintiff believes HSCO has provided false information to Monumental Life Insurance Company, and continues to do so as to the Plaintiffs participation in bringing about the Death of Leydis Viche' Hernandez.

(4) Call to attorney to relay message

(a) "Additional calls to determine status of case will be considered harassment".

b) **DFS**

(1) Plaintiff believes as part of a continuing effort to harass, and deter Plaintiff DFS participated in a retaliatory filing in Juvenile Court.

(2) Plaintiff believes DFS willfully attempted to interfere with parental custody without just cause, reason, or premise of law.

9) **Official Oppression**

a) **DFS**

(1) Plaintiff believes DFS filed a retaliatory filing in Juvenile Court

(2) Plaintiff believes DFS willful attempted to interfere with parental custody

b) **HCSO**

(1) Plaintiff believes HSCO Officials engaged in False imprisonment.

(2) Trespass on a county facility – subsequent ejection from squad room, and public lobby.

(3) Plaintiff believes HSCO Officials exercised improper ordinary care.

(4) Escort to door by two armed officers – threatening arrest if re-entry, or it Plaintiff failed to leave.

(5) Refusal to allow use of telephone Sgt. Palacious, (Etal)

10) **Libel**

a) **DFS**

i) Plaintiff believes DFS attempt to influence the court with Libelous statements:

(1) Libel with special damages

(a) False accusations of criminal acts – special damages are applicable.

(b) Plaintiff has never threatened any agent of DFS, nor Angela Buckner, and has recorded many if not all conversations with the aforementioned.

b) **Christy, 437 S.W..2d at 815; Bundy v. Bently, S.W.3d (Tex.App.-Tyler 1999,n.p.h)**

c) **Buck v. Savage,323 S.W.2d 363,369(Texas.App.-Houston 1959,writ ref'd n.r.e)**
d) **Gray v. HEB Food Store, 941 S.W.2d 327,329 (Tex.App – Corpus Christi 1997)**

**11) Intentional Infliction of emotional distress**

a) Plaintiff believes HSCO and its' Officials has/have engaged in the intentional False Arrest, and Imprisonment:
   i) HSCO
      (1) False Imprisonment
      (2) False Reports of Inventory, refusal of HSCO to provide a full inventory of items removed from Home of Plaintiff.
      (3) False Reports of Cause of Death by Sgt. Palacious
         (a) Report of "accident" Det. Palacious
         (b) Illusionary report of suicide

b) Plaintiff believes **DFS** and its' Officials has/have engaged in the intentional False Arrest, and Imprisonment:

   i) Plaintiff believes **DFS:**
      (1) Failure to investigate
      (2) Heavy handed approach to interfere with custody

**12) Conversion**

a) **HARRIS COUNTY SHERRIFF'S OFFICE**
   i) Plaintiff believes HSCO has engaged in conversion of Plaintiff's property:
      (1) Refusal to return property not related to the case
      (2) Hiding of property
         (a) Refusal to provide inventory
         (b) Missing Property
            (i) Jewlery – wife's
      (3) Mis-information
         (a) Conflicting inventory of what HARRIS COUNTY SHERRIFF'S OFFICE has.

## RELIEF REQUESTED

| | | |
|---|---|---|
| **Actual Damages:** | | |
| Missing Property | | |
| Watch | $ | 3,000.00 |
| Firearms | $ | 1,500.00 |
| Jewelry | $ | 1,000.00 |
| Electronics | $ | 1,500.00 |
| Loss of use of Property | $ | 5,000.00 |
| **Punitive:** | | |
| False Arrest | $ | 2,000,000.00 |
| False Imprisonment | $ | 2,000,000.00 |
| Civil Rights Violation(s) | $ | 5,000,000.00 |
| Mental Anguish | $ | 5,000,000.00 |
| Negligence | $ | 7,500,000.00 |
| Harassment | $ | 4,000,000.00 |
| Official Oppression | $ | 2,000,000.00 |
| Mis-conduct | $ | 3,500,000.00 |
| Infliction of Emotional Distress | $ | 5,000,000.00 |
| Loss of consortium | $ | 5,000,000.00 |
| Loss of enjoyment in life | $ | 5,000,000.00 |
| Libel with Special Damages | $ | 7,000,000.00 |
| Slander with Special Damages | $ | 7,000,000.00 |
| **Total Monetary Relief Requested** | **$** | **60,012,000.00** |

**Additional Relief Requested in the Form of Orders:**

- **Order for immediate interview / contact of all potential suspects, and witnesses within 30 days.**
- **A real investigative effort to determine who committed the crime.**
- **Order for immediate written disclosure of items taken from Plaintiffs Home**

- **Order for cessation of all independent DFS reporting of child endangerment incidences by HSCO concerning the Plaintiff and his minor children unless a notarized affidavit is accompanied providing a valid reason for the report and identification of the reporter.**
- **The Plaintiff believes the HSCO has no reason to make "anonymous" reports as there is not a reasonable belief endangerment of the reporter would occur as prescribed by the Texas Family Code Section 261**

**2. ATTORNEY'S FEES**

**Pursuant to section 37.009 of the Texas Civil Practices and Remedies Code, request is made for all cost and reasonable and necessary attorney's fee incurred by the Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.**

**3. REQUEST FOR DISCLOSURE**

**Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff request that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.**

**4. PRAYER**

WHEREFORE, PREMIS CONSIDERED, Plaintiff prays that Defendant(s) be cited to appear and answer herein and that on final trial hereof declaratory judgment be granted as requested herein and Plaintiff be awarded cost and reasonable attorney's fees, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

X [signature]

Anthony W. Norman Jr.
Plaintiff

Anthony Norman

8707 Heron View St.

Houston, TX 77064

United States Courts
Southern District of Texas
FILED

NOV 2 4 2009

Clerk of Court

U.S. District Clerk

P.O. Box 61010

Houston, TX 77208

11/23/2009

Dear Sirs,

Please find enclosed an original petition for the filed as Petitioner Anthony W. Norman Jr. vs

**Sherriff Tommy Thomas**
**Sherriff Adrian Garcia**
**Sgt. Henry Palacious**
**Sgt. Coleman**
**Harris County Department of Family Services**
**Harris County Medical Examiner's Office**
**Defendant(s).**

**I have include a Cashier's check for the requisite fee of 350.00, and a self addresses, stamped envelope for the return of additional copies of the filing.**

**Please take as many copies as needed for the original filing, and return the remaining in the provided envelope.**

**Thank you,**

**Anthony Norman**